Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | CASE NO. CR13-5525BHS |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S REPLY TO DEFENSE OPPOSITION TO GOVERNMENT'S APPLICATION UNDER THE ALL WRITS ACT |
| DAVID MICHAEL NAVARRO, | |
| Defendant. | [Dkt 36] |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Marci L. Ellsworth, Assistant United States Attorney, files this reply to Defendant's Opposition to Government's Application for an Order to Direct Apple to Unlock an iPhone. In his opposition, Defendant—who is not a party to the Government's Application—opines that he nonetheless is allowed to insert himself into the proceedings at this preliminary stage and reshape the parameters of the underlying search warrant prior to its full execution with respect to this particular item of seized property, by seeking to include unnecessary search protocols in the Government's proposed order. For the following reasons, Defendant is mistaken.

**1.     Defendant Lacks Standing to Challenge the Government's Application.**

It is undisputed that the order the Government requested in its Application under the All Writs Act, 28 U.S.C. § 1651(a), is directed at Apple, the manufacturer of the

GOVERNMENT'S REPLY TO DEFENSE OPPOSITION TO
GOVERNMENT'S APPLICATION UNDER THE ALL WRITS ACT - 1
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  iPhone5 at issue in this case.[1]  Apple, not Defendant, is the party with standing to
2  challenge the order.  It is also undisputed that Apple has reviewed the proposed order
3  presented to this Court, and has indicated that, upon receipt of a signed copy of the order,
4  it will comply with the order by unlocking the iPhone5.  There is simply no evidence
5  whatsoever that Apple is requesting any further notice or opportunity to be heard prior to
6  the entry of an order.  In fact, there is no evidence at all that Apple is unwilling to comply
7  with the Court's order; to the contrary, Apple has indicated its willingness to assist upon
8  receipt of such an order.  Defendant cannot insert himself into these proceedings to make
9  *any* arguments on behalf of Apple, as he absolutely lacks standing to do so.[2]
10         Defendant's reliance on *United States v. Mountain States Tel. & Tel. Co.*, 616 F.2d
11  1122 (9th Cir. 1980) is misplaced.  In that case, the Ninth Circuit considered an appeal
12  from the telephone company—not from the customer whose records were sought—which
13  challenged an order issued under the All Writs Act to compel the telephone company's
14  assistance in identifying the individual using a particular telephone number.  *Id*.  After the
15  order had been issued, the *telephone company* contacted the Government with concerns
16  about the order and suggested revisions to it.  *Id*. at 1124.  Revisions were made to that
17  original order—at the request of the party whose compliance the order directed, i.e., the
18  telephone company.  *Id*.  Upon receiving the information requested through that original
19  order, the Government obtained a second order directing the telephone company to assist
20  with an "in-progress" trace of the telephone number.  *Id*. at 1124-25.  The telephone
21  company then challenged that order as burdensome and as outside the court's authority,

---

[1] In stark contrast, Defendant's proposed order is not directed at Apple at all.  Defendant's proposed order is directed only at the Government, and seeks to dictate the manner in which the Government should conduct its search of Defendant's iPhone5.

[2] Defendant cites to no case in which the individual—not the third party communications provider—has standing to challenge the issuance of an order directed to that third party.

GOVERNMENT'S REPLY TO DEFENSE OPPOSITION TO
GOVERNMENT'S APPLICATION UNDER THE ALL WRITS ACT - 2
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 *but did not* challenge the ex parte nature of the application or the proceedings.[3]  *Id*. at
2 1126.  The Ninth Circuit held that the order was not unreasonably burdensome on the
3 telephone company and was well within the district court's authority to issue.  *Id*. at
4 1131.  *See also United States v. New York Tel. Co.*, 434 U.S. 159 (1977).

However, relying on its authority to supervise the administration of criminal justice, the Ninth Circuit did direct the Government, in future cases, to afford a third party "reasonable notice and an opportunity to be heard prior to the entry of any order compelling its assistance."  616 F.2d at 1132-33.  Notably, the Ninth Circuit stated that the reasonable notice and opportunity to be heard should be provided to the "telephone company whose cooperation … is sought," so that the parties (the Government and the telephone company) could present relevant information relating to the reasonableness of the Government's request, which would "safeguard the interests of communications carriers," and allow the Government could carry out its investigation.  *Id*. at 1133.  As set forth in its instant Application, the Government has given Apple notice of its request for Apple's assistance and provided Apple with a copy of the proposed order.  Apple has not communicated any opposition to the Government's proposed order, and in fact has indicated its willingness to assist the Government in unlocking the iPhone5 upon receipt of the signed order.  If Apple decides, at some point in the future, that the Government's proposed order to unlock the iPhone5 is unreasonably burdensome or that it does not wish to comply with the order to unlock the iPhone5, Apple is the proper party to bring those challenges, not Defendant.

---

[3] The Government still maintains that its decision to file its Application *ex parte* was not improper and, in any event, is not foreclosed by *United States v. Mountain Tel. & Tel. Co.*, despite Defendant's belief to the contrary.  *See* 616 F.2d at 1127-28 (noting the "narrowness of the issues presented on appeal," which did not include any complaint by the individual whose telephone records the third party telephone company was being ordered to produce).

GOVERNMENT'S REPLY TO DEFENSE OPPOSITION TO
GOVERNMENT'S APPLICATION UNDER THE ALL WRITS ACT - 3
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**2.     Defendant Cannot Reshape the Parameters of the Underlying Search Warrant by Challenging the Provisions of an Order to Which He is Not a Party.**

The Government's application, and the accompanying order directing Apple to assist law enforcement by simply unlocking the iPhone5, were requested under the All Writs Act as a necessary procedural instrument to fully effectuate and implement the search warrants issued by Magistrate Judge Karen L. Strombom on August 23, 2013 (for Defendant's residence) and August 29, 2013 (for the contents of Defendant's work lockers).  *See Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999) (authority under the All Writs Act is confined to issuance of process "in aid of" the issuing court's jurisdiction).  The Government's proposed order in this case directs Apple simply to unlock the iPhone5 "in aid of" the previously-issued search warrants, and to provide a copy of any data on the iPhone5 to the Government for further examination.  Apple is not otherwise involved in the execution of the search warrants, and is not involved in the examination of data contained on the iPhone5.

It is undisputed that the search warrants, and their accompanying applications and affidavits, were submitted pursuant to Federal Rule of Criminal Procedure 41 ("Rule 41"), and that Magistrate Judge Strombom had jurisdiction to authorize the warrants.  What Defendant seeks to do through his opposition to the Government's Application under the All Writs Act—and through the terms of *his* proposed order  to Apple—is to circumvent Rule 41(g)-(h), which provides that he may only challenge the search warrants *after* they have been issued and executed, through motions to return property or suppress evidence.  *See Dalia v. United States*, 441 U.S. 238, 258 (1979) ("The manner in which a warrant is executed is subject to *later* judicial review as to its reasonableness.") (emphasis added).  In essence, Defendant seeks to inject himself into the Government's examination before it has even begun, despite acknowledging that he has no right to interfere with the Government's examination of items for which it has a

GOVERNMENT'S REPLY TO DEFENSE OPPOSITION TO GOVERNMENT'S APPLICATION UNDER THE ALL WRITS ACT - 4
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

valid warrant based on probable cause to believe those items may contain evidence of a crime or crimes.

The All Writs Act "cannot be used to circumvent the safeguards set in place by existing law." *In re Application of the United States for an Order Authorizing Disclosure of Location Information of a Specified Wireless Telephone*, 849 F.Supp.2d 526, 580 (D. Md. 2011); *Goldsmith*, 526 U.S. at 537 (the All Writs Act generally does not provide alternatives to "other, adequate remedies at law"). Here, the safeguards are outlined in the Fourth Amendment and Rule 41. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause," and Rule 41 likewise requires the Government to establish probable cause to search for and seize property. U.S. Const. Amend. IV, Fed. R. Crim. Pro. 41(d)(1). Rule 41 also sets forth the remedies available to Defendant, should he determine that he has suffered unwarranted intrusions by the Government. Fed. R. Crim. Pro. 41(g)-(h). When a rule of criminal procedure addresses a particular issue, it "provides the applicable law," and the All Writs Act cannot be used to the contrary. *Carlisle v. United States*, 517 U.S. 416, 429 (1996). Because the Government seeks an order from this Court "in aid of" the execution of the two previously-issued search warrants, and because Rule 41(g)-(h) provides the applicable law, if Defendant wishes to challenge those search warrants, he must do so through a motion to suppress evidence after the warrants are executed, not before.

The Ninth Circuit's decision in *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010) (*en banc*) provides no support for Defendant's belief that he can rewrite the parameters of the search warrants in this case through his proposed changes to the order the Government seeks.[4] In fact, the protocols Defendant seeks to implement—a waiver of reliance on the plain view doctrine, the use of a taint team, or a

---

[4] Again, Defendant is not a party to the Government's proposed order. Apple is the party to whom the Government's proposed order is directed.

GOVERNMENT'S REPLY TO DEFENSE OPPOSITION TO
GOVERNMENT'S APPLICATION UNDER THE ALL WRITS ACT - 5
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  "detailed search protocol"—are not required by the Fourth Amendment and are not
2  required by Ninth Circuit case law.  *Id*. at 1178 (protocols are not constitutional
3  requirements and serve as "guidance" only); *United States v. Schesso*, 730 F.3d 1040,
4  1047-48 (9th Cir. 2013).[5]  Magistrate Judge Strombom, who issued the underlying search
5  warrants in this matter, is extremely familiar with Defendant's proposed search protocols
6  inasmuch as she was the Chief Magistrate Judge during the period of time when such
7  search protocols were mandatory in the Ninth Circuit.  *See* Chief Magistrate Judge Karen
8  L. Strombom's October 1, 2009 Letter to the United States Attorney's Office (attached
9  hereto as Government's Exhibit (Exh.) A); *see also Schesso*, 730 F.3d at 1048-49 (noting
10 that magistrate judges in the Western District of Washington implemented the then-
11 mandatory search protocols for approximately a year until the search protocols were no
12 longer binding circuit precedent).  Magistrate Judge Strombom nonetheless concluded
13 that search protocols like those now proposed by Defendant were unnecessary, and issued
14 the underlying warrants without them.  As the Ninth Circuit recently recognized in
15 *Schesso*, this is precisely what magistrate judges should do with each warrant presented.
16 *Id*. at 1050.  If Defendant disagrees with Magistrate Judge Strombom's decision, and with
17 the terms of the underlying search warrants, his recourse is to seek suppression of
18 specific evidence once the search has been conducted.

19     Finally, the search protocols Defendant seeks to implement in his proposed order
20 have nothing to do with Apple, the party to whom the Government's Application and
21 proposed order is directed.  They are simply a preview of arguments Defendant may use
22 in a future motion to suppress evidence and, as no evidence has yet been retrieved from
23 the iPhone5, are wholly premature.

---

[5] Although Defendant's citation to this decision includes a parenthetical notation that a petition for rehearing en banc is pending, no such petition has been filed with the Ninth Circuit to date.

GOVERNMENT'S REPLY TO DEFENSE OPPOSITION TO
GOVERNMENT'S APPLICATION UNDER THE ALL WRITS ACT - 6
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**3.     Conclusion.**

The Government's Application, filed pursuant to the All Writs Act, seeks to compel a third-party, Apple, to aid the Government in its execution of previously-issued search warrants. Defendant is not a party to the Government's Application, and is not the party to whom the Government's proposed order is directed. Defendant cannot reshape the parameters of the previously-issued search warrants and circumvent Rule 41(g)-(h) by using the Government's Application under the All Writs Act to challenge the terms of those search warrants. Thus, for all the foregoing reasons, Defendant's proposed order should be denied. For the reasons set forth herein, and those set forth in the Government's Application, the Government requests that its proposed order be issued forthwith.

DATED this 6th day of November, 2013.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

*s/Marci L. Ellsworth*
MARCI L. ELLSWORTH
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Ave., Suite 700
Tacoma, Washington 98402
Phone: (253) 428-3800

GOVERNMENT'S REPLY TO DEFENSE OPPOSITION TO
GOVERNMENT'S APPLICATION UNDER THE ALL WRITS ACT - 7
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the defendant's attorney of record and CM/ECF participants.

        s/ *Lisa Crabtree*
        LISA CRABTREE
        Legal Assistant
        United States Attorney's Office
        1201 Pacific Avenue, Suite 700
        Tacoma, Washington 98402
        Phone: (253) 428-3813
        Email: lisa.crabtree@usdoj.gov

GOVERNMENT'S REPLY TO DEFENSE OPPOSITION TO GOVERNMENT'S APPLICATION UNDER THE ALL WRITS ACT - 8
United States v. Navarro (CR13-5525BHS)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800